JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
Stephanie.Herrera@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants*
*OpenAI Foundation, OpenAI OpCo, LLC,*
*OpenAI Group PBC, and Samuel Altman*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| A.C., a minor, by and through his next friend, ESTHER BRAUN,<br><br>Plaintiff,<br><br>vs.<br><br>OPENAI FOUNDATION, OPENAI OPCO, LLC, OPENAI GROUP PBC, and SAMUEL ALTMAN,<br><br>Defendants. | Case No. 3:26-cv-09342-JSC<br><br>**DECLARATION OF JULIA K. LOCKHART IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Date: November 5, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Jacqueline S. Corley<br>Crtrm.: 8th (19th Floor)<br><br>[Filed concurrently: Notice of Motion and Motion to Dismiss for Forum Non Conveniens; Declaration of Bethany W. Kristovich; (Proposed) Order] |
| AND ALL RELATED CASES | |

# DECLARATION OF JULIA K. LOCKHART

I, Julia K. Lockhart, declare as follows:

1. I am a partner at the law firm Nathanson, Schachter & Thompson LLP in Vancouver, British Columbia. I am a member in good standing of the Law Society of British Columbia and have practiced law since 2013. My practice includes civil litigation, and I am familiar with the laws and civil procedure of British Columbia relevant to the matters addressed below.

2. I submit this declaration in support of Defendants' motions to dismiss these actions for forum non conveniens. I have been asked to address certain issues of Canadian and British Columbia law and procedure, including: (a) the availability of British Columbia as a forum for the claims asserted in these actions; (b) procedures for obtaining evidence located in British Columbia for use in litigation pending in the United States; and (c) procedures available to obtain third-party evidence if these actions were litigated in British Columbia.

## I. British Columbia Is an Available Forum

3. I have reviewed the complaints and causes of action asserted in these actions.

4. The Supreme Court of British Columbia provides a forum in which Plaintiffs could seek remedies in connection with the facts pleaded in the complaints. The Supreme Court of British Columbia is a superior court of original, inherent jurisdiction and routinely adjudicates personal injury and product liability claims. *See* Supreme Court Act, R.S.B.C. 1996, c. 443, s. 9(1).

5. One of the Plaintiffs, M.G., initially sued OpenAI Foundation, OpenAI Group PBC, OpenAI GP, LLC, OpenAI OpCo, LLC, and OpenAI Holdings, LLC in British Columbia before discontinuing and refiling in California. *See Gebala v. OpenAI Found.*, Vancouver Registry No. S-261734 (B.C. S.C. Mar. 9, 2026). A true and correct copy of the Notice of Civil Claim is attached as **Exhibit A**.

6. British Columbia law also recognizes personal injury and product liability claims, which generally proceed as common-law negligence claims. British Columbia law recognizes liability for negligence, including negligent design, negligent manufacture, and failure to warn.

*See Mustapha v. Culligan of Canada Ltd.*, 2008 SCC 27, para. 3 (confirming elements of a claim in negligence); *Hollis v. Dow Corning Corp*., 1995 CanLII 55 (SCC), [1995] 4 S.C.R. 634, para. 20 (a manufacturer has a duty in tort to warn consumers of dangers that it knows or ought to know are inherent in the use of its product). British Columbia courts apply negligence principles to product liability claims, including claims alleging negligent design and failure to warn. *See, e.g.*, *Ding v. Prévost (A Division of Volvo Group Canada Inc.)*, 2022 BCSC 215, paras. 205-207, aff'd 2024 BCCA 102; *Harrington v. Dow Corning Corp.*, 2000 BCCA 605, para. 122 (Finch JA, dissenting, but not on this point).

7. British Columbia law also permits claims arising from a person's death to be pursued both for the benefit of specified family members and, subject to statutory limitations, on behalf of the deceased person's estate. Where a death is caused by a wrongful act, neglect, or default, the Family Compensation Act, R.S.B.C. 1996, c. 126, ss. 2-3, creates an action for the benefit of specified family members of the deceased. The eligible beneficiaries are the deceased's spouse, parent, or child, as those terms are defined in the statute. Family Compensation Act, s. 3(1). In addition, section 150 of British Columbia's Wills, Estates and Succession Act, S.B.C. 2009, c. 13 provides, subject to specified exceptions, that causes of action vested in a deceased person survive for the benefit of the deceased's estate and may be commenced or continued by the personal representative. *See also A.A. v. H.Q.*, 2026 BCSC 36, paras. 304-305.

8. Where a plaintiff is a minor, an action in British Columbia may be commenced and brought on the minor's behalf by a litigation guardian under Rule 20-2 of the Supreme Court Civil Rules, B.C. Reg. 168/2009. The cause of action remains that of the minor; the litigation guardian conducts the proceeding on the minor's behalf. *See* Rules 20-2(2) and 20-2(3); *Smith v. Nabi*, 2018 BCSC 1492, para. 8.

## II. **<u>Obtaining Evidence Located in British Columbia for Use in U.S. Litigation Requires British Columbian Judicial Process</u>**

9. A British Columbia court does not automatically enforce a letter of request (sometimes referred to as letters rogatory) issued by a foreign court. Defendants would have to apply to a British Columbia court to seek enforcement, a process which could take months. The

decision whether to enforce letters rogatory is discretionary and the British Columbia court must conduct a substantive review of the request. *See Monster Energy Company v. Craig*, 2016 BCCA 290, paras. 10-13; *Liu v. Zhi*, 2019 BCCA 427, para. 20; *Duryea v. Matsumoto*, 2023 BCSC 2061, para. 45. In determining whether to give effect to letters rogatory, a British Columbia court considers factors including whether: (a) the evidence sought is relevant; (b) the evidence is necessary for trial and will be adduced at trial, if admissible; (c) the evidence is not otherwise obtainable; (d) the requested order would be contrary to public policy; (e) the documents are identified with reasonable specificity; and (f) the requested order would be unduly burdensome, taking into account what the witnesses would be required to do or produce if the action were litigated locally. *See Monster Energy*, para. 13, citing *EchoStar Satellite Corporation v. Quinn*, 2007 BCSC 1225, para. 38.

10. Although the presumption is to enforce letters rogatory unless contrary to Canadian public policy or otherwise prejudicial to Canadian sovereignty or to Canadian citizens, British Columbia courts retain discretion to decline to enforce letters rogatory. Enforcement is not guaranteed and is sometimes denied. For example, in *Hayden AI Technologies, Inc. v. Kerr*, 2026 BCSC 1068, the British Columbia Supreme Court declined to enforce letters rogatory where it was not convinced the requested evidence was sufficiently relevant and the petitioner had not established that the evidence was not otherwise obtainable from other sources.

11. British Columbia courts also particularly scrutinize the relevance of evidence sought through letters rogatory from U.S. courts in light of differences between Canadian and U.S. discovery practice. When evaluating letters rogatory from U.S. courts, Canadian courts carefully consider relevance because the permissible scope of discovery in the United States is generally broader than in Canada. *See Liu*, para. 14, citing *Aker Biomarine AS et al. v. KGK Synergize Inc.*, 2013 ONSC 4897.

12. Requests for evidence involving confidential, private, or governmental information may present additional issues in an application to enforce letters rogatory, particularly considering the privacy legislation applicable to governmental and non-governmental organizations in British Columbia. For example, in considering whether enforcement would implicate Canadian

sovereignty or public policy, Ontario courts have considered whether the enforcement of letters rogatory would violate Canadian or provincial law or infringe recognized Canadian legal principles. *See Hospira Healthcare v. Rotsztain*, 2023 ONSC 4283, paras. 26, 74. Ontario courts have also considered privilege and confidentiality interests in deciding whether to enforce letters rogatory. *See Actava TV, Inc. v. Matvil Corp.*, 2021 ONCA 105, para. 79. Ontario courts have declined to enforce letters rogatory where, for example, the request would require production of solicitor-client privileged material, *see Hospira Healthcare*, paras. 76-80; where highly confidential business information would not be adequately protected in the foreign proceeding, *see Actava*, paras. 77-88; or where the Government of Canada had asserted Crown privilege and determined that the information sought should not be disclosed, *see Re Westinghouse Electric Corporation and Duquesne Light Company et al.*, 1977 CanLII 1315 (ON HCJ), 16 OR (2d) 273.

13. While these Ontario authorities are not binding on British Columbia courts, they are persuasive and consistent with the British Columbia law on letters rogatory. I would expect them to be followed here. *See The National Association of Boards of Pharmacy v Solaris Pharmaceuticals Inc*, 2022 BCSC 1237 at paras. 15-16.

14. British Columbia law also regulates the disclosure of personal information by public bodies and private organizations. *See* Freedom of Information and Protection of Privacy Act, R.S.B.C. 1996, c. 165, including ss. 33.1; Personal Information Disclosure for Storage Outside of Canada Regulation, B.C. Reg. 294/2021; Personal Information Protection Act, S.B.C. 2003, c. 63, s. 18. Whether those statutory restrictions may apply to a particular application to enforce letters rogatory would depend on the circumstances. Nonetheless, requests involving medical, psychiatric, law-enforcement, or governmental records may require consideration of Canadian privacy, confidentiality, privilege, and public-policy interests in addition to the ordinary requirements for enforcement of letters rogatory.

15. In domestic proceedings, Canadian law-enforcement materials may in some circumstances be ordered produced even while a criminal investigation is ongoing, but production is not automatic. If the law-enforcement agency or Crown does not consent to production, the court may be required to balance, among other things, applicable privileges and the public interest

in non-disclosure against the public interest in the administration of justice and access to relevant evidence. *See Wong v Antunes,* 2009 BCCA 278, paras. 22-25.

16. British Columbia's Coroners Act, S.B.C. 2007, c. 15 also contains specific restrictions governing information obtained through a coroner's investigation or inquest. Section 63 of the Coroners Act generally prohibits a coroner from disclosing information arising from an investigation, inquest, or review except as permitted by the Act. Section 64 addresses access to information collected in the course of an investigation or inquest and permits a coroner, in specified circumstances, to withhold information until completion of the inquest. Section 65(3) further provides that a coroner cannot be compelled to produce or permit inspection of a record for purposes of a legal proceeding in which the coroner is not a party. Section 35(3) restricts the use in other proceedings of answers given by a witness before a coroner.

## III. <u>Litigation in British Columbia Would Provide Direct Access to Ordinary Discovery Procedures</u>

17. If these actions were litigated in British Columbia, the parties would not need to use letters rogatory to attempt to obtain evidence from British Columbia third parties. They instead could use the ordinary procedures available under British Columbia's Supreme Court Civil Rules.

18. Rule 7-1(18) permits a party to apply to the court for production of documents in the possession or control of a person who is not a party of record. An applicant seeking non-party documents must identify the documents with sufficient specificity and demonstrate their relevance to the action, ordinarily through evidence supporting the application. *See Northwest Organics, Limited Partnership v. Roest*, 2017 BCSC 673, para. 81; *Harper v. Sheppard*, 2023 BCSC 443, paras. 14-15; *Qin v. Chenne*, 2026 BCSC 1086, para. 8. The applicable threshold has been described as requiring more than a "mere possibility" of relevance, or an "air of reality" connecting the requested documents to the issues in the litigation. *Harper*, paras. 16-17.

19. British Columbia procedure also provides mechanisms to compel third-party witness testimony at trial in an action pending before a British Columbian court. Rules 12-5(31) through (39) of the Supreme Court Civil Rules govern subpoenas requiring witnesses to attend

trial. A party of record may prepare and serve a subpoena on a witness in accordance with those Rules. Rules 12-5(19) through (26) also address adverse party witnesses. Subject to the Rules, a party may require an adverse witness to attend trial on notice, and the court has authority to impose consequences or make appropriate orders if the witness fails to attend.

20. Thus, if these actions proceeded in British Columbia, Defendants could seek relevant documents and testimony from British Columbia third parties through procedures directly administered by the court adjudicating the merits of the action, rather than first obtaining a request from a U.S. court and then commencing a separate British Columbia proceeding to seek enforcement of that request (which may or may not be successful). Although litigating these actions in British Columbia may not eliminate all potential privilege, confidentiality, or governmental record issues, it would eliminate the separate letters-rogatory process and permit such issues to be addressed directly by the British Columbia court under ordinary local procedures.

21. In addition to measures available to obtain relevant documents and testimony from third parties, British Columbia courts also have broad authority to compel relevant testimony and documents from parties to the litigation, including from witnesses located elsewhere who are representatives of a corporate defendant that is under the court's jurisdiction.

22. A judgment against Defendants by a British Columbia court would be enforceable in British Columbia.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 16th day of September, 2026, at Vancouver, British Columbia.

Julia K. Lockhart