JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
STEPHANIE G. HERRERA (State Bar No. 313887)
stephanie.herrera@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants*
*OpenAI Foundation, OpenAI OpCo, LLC,*
*OpenAI Group PBC, and Samuel Altman*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| A.C., a minor, by and through his next friend ESTHER BRAUN,<br><br>Plaintiff,<br><br>vs.<br><br>OPENAI FOUNDATION, OPENAI OPCO, LLC, OPENAI GROUP PBC, and SAMUEL ALTMAN,<br><br>Defendants. | Case No. 3:26-cv-09342-JSC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Judge: Hon. Jacqueline S. Corley |
| AND ALL RELATED CASES | |

Defendants OpenAI Foundation, OpenAI OpCo, LLC, OpenAI Group PBC, and Samuel Altman (collectively, "Defendants") move to dismiss these related actions under the doctrine of forum non conveniens. The Court has considered the parties' submissions, the record, and the arguments presented at the hearing on November 5, 2026. For the reasons set forth below, the motion is GRANTED.

In deciding a motion to dismiss based on forum non conveniens, the Court considers: "(1) whether an adequate alternative forum exists; and (2) whether the balance of private and public interest factors favors dismissal." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142–43 (9th Cir. 2001); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22, 257 (1981).

British Columbia is an available and adequate alternative forum. Defendants are willing to accept service and will not contest jurisdiction if these actions are refiled in a court in British Columbia. British Columbia law affords potential causes of action and remedies for Plaintiffs' alleged harms; any difference in remedies does not make that forum inadequate. *See Piper*, 454 U.S. at 247–52; *Lueck*, 236 F.3d at 1143–45.

The private interest factors weigh strongly in favor of British Columbia. These include "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the costs of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) 'all other practical problems that make trial of a case easy, expeditious[,] and inexpensive.'" *Lueck*, 236 F.3d at 1145–46. Plaintiffs reside in British Columbia, the shooting and alleged injuries occurred there, and material nonparty witnesses and records are located there. This Court cannot compel British Columbian third parties to appear for trial or produce records. The only way to seek discovery from these parties in U.S. litigation is through letters rogatory. Defendants would need to petition this Court to issue such letters and would then need to apply to a British Columbia court to exercise its discretion to enforce them. By contrast, British Columbia witnesses and evidence can be compelled through ordinary discovery processes if these actions are litigated in British Columbia. Party evidence is available in either forum. A British Columbia forum therefore offers substantially greater access to third-party sources of proof without

materially impairing the parties' access to party evidence. *See Lueck*, 236 F.3d at 1145–47; *see also Umeda v. Tesla Inc.*, No. 20-cv-02926-SVK, 2020 WL 5653496, at *7 (N.D. Cal. Sept. 23, 2020) (dismissing on forum non conveniens grounds claims against Tesla by Japanese plaintiffs arising from a car crash in Tokyo because Tesla could produce evidence in a Japanese action, but it would "be difficult if not impossible for Tesla to compel non-parties to produce evidence located in Japan if the action proceed[ed]" in California).

The public interest factors also heavily favor a British Columbia forum. The public interest factors include "(1) [the] local interest of [the] lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum." *Lueck*, 236 F.3d at 1147. The underlying shooting occurred in British Columbia and implicates British Columbian institutions, law, and public policy, including local law enforcement, mental-health treatment, firearms regulation, and schools. British Columbia courts and jurors are best suited to assess these significant issues of British Columbia law and public policy. British Columbian authorities also will address these issues in ongoing criminal and other proceedings in British Columbia. British Columbia's strong local interest in understanding the role of local law enforcement, mental-health treatment, firearms regulation, and schools in the events that preceded the shooting far outweighs California's generalized interest in regulating companies headquartered in the state. *See Piper*, 454 U.S. at 260–61; *Lueck*, 236 F.3d at 1147–48.

Finally, Plaintiffs' choice of forum receives reduced deference because they are foreign residents and the operative events occurred outside this forum. *Piper*, 454 U.S. at 255–56; *Lueck*, 236 F.3d at 1145. One Plaintiff also filed first in Canada before refiling here; under such circumstances, Plaintiffs' choice of forum is "entitled to little deference." *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694–95 & n.10 (9th Cir. 2009) (finding district court properly gave domestic plaintiff's forum less deference based on forum shopping).

On balance, the relevant factors strongly favor a British Columbia forum. Accordingly, Defendants' motion to dismiss for forum non conveniens is GRANTED. Plaintiffs' complaints are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: ____________________, 2026

HONORABLE JACQUELINE S. CORLEY
UNITED STATES DISTRICT JUDGE